UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEFF KELLY,

    Plaintiff,

vs.

TIFFANY PHIFER,

    Defendants.

Case No. 1:22-cv-399

Cole, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On July 5, 2022, Plaintiff, proceeding pro se, paid the requisite filing fee and filed the above-captioned case. For the reasons that follow, the undersigned now recommends that this case be DISMISSED sua sponte for lack of subject matter jurisdiction, or alternatively, for failure to state any claim.

*I. Background*

Many pro se litigants seek to file their complaints in forma pauperis, or without payment of a filing fee. In such cases, Congress has authorized Courts to conduct an initial evaluation of the complaint prior to authorizing service on any defendant. See 28 U.S.C. § 1915(e). Because Plaintiff paid the full filing fee, his complaint is not subject to statutory sua sponte screening under § 1915(e). Nevertheless, this Court retains the authority to dismiss frivolous lawsuits under *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Moreover, a federal court has the obligation to dismiss a lawsuit at any time that it determines it is without subject matter jurisdiction.

Federal courts are courts of limited jurisdiction. In the complaint filed in this case,

1

Plaintiff appears to challenge a protective order taken out by Defendant in Hamilton County Common Pleas Court. However, Plaintiff references a 2018 Hamilton County case (CJ18007085) which, upon review, is a certificate of judgment case filed by the State of Ohio, purportedly for collection of delinquent income taxes.

### II. Plaintiff's Complaint Should be Dismissed

The undersigned concludes that this Court lacks jurisdiction to consider plaintiff's complaint. Under the *Rooker–Feldman* doctrine, which arose from the Supreme Court's decisions in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983), and *Rooker v. Fidelity Trust Co*., 263 U.S. 413 (1923), the lower federal courts are precluded "from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006) (per curiam) (quoting *Exxon Mobile Corp. v. Saudia Basic Indus. Corp*., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)). The doctrine is premised on the "the notion that appellate review of state court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *See In re Cook*, 551 F.3d 542, 548 (6th Cir.2009) (and cases cited therein).

As such, this Court lacks subject matter jurisdiction over Plaintiff's claims because they fall exclusively within the jurisdiction of the state courts and the Court lacks subject matter jurisdiction to consider Plaintiff's claims. See 28 U.S.C. § 1915(e)(2)(B).

Accordingly, for these reasons, it is therefore **RECOMMENDED** this action be **DISMISSED** with **PREJUDICE** for failure to state a claim for relief.  It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| JEFF KELLY, | Case No. 1:22-cv-399 |
| Plaintiff, | |
| vs. | Cole, J.<br>Bowman, M.J. |
| TIFFANY PHIFER, | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).