UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEFF KELLY,

      Plaintiff,

   v.

TIFFANY PHIFER,

      Defendant.

Case No. 1:22-cv-399
JUDGE DOUGLAS R. COLE
Magistrate Judge Bowman

### ORDER

In a July 19, 2022, Report and Recommendation, (R&R, Doc. 2), Magistrate Judge Bowman advises the Court to dismiss Jeff Kelly's Complaint (Doc. 3) with prejudice for lack of subject matter jurisdiction or for failure to state a claim. For the reasons briefly discussed below, and especially given the lack of any objections to the R&R, the Court largely **ADOPTS** the R&R (Doc. 2) and thus **DISMISSES** the Complaint, but does so **WITHOUT PREJUDICE**. The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be made in good faith and therefore **DENIES** Kelly leave to appeal in forma pauperis.

Jeff Kelly, proceeding pro se, filed his Complaint against Tiffany Phifer on July 8, 2022. (Doc. 3). He seems to allege that Tiffany Phifer had secured an "illegi[ti]mate protective order" against him in the Hamilton County Court of Common Pleas,

without any "evidence of crimes" on his part. (Doc. 3, #26).[1] He asked the Court to review this protective order against the backdrop of his allegations. (*Id*.). The matter was referred to a Magistrate Judge.

While Kelly moved for leave to proceed in forma pauperis, he ended up paying his filing fee in full. (Receipt, Doc. 1-5). Thus, the Magistrate Judge did not have an obligation to screen his Complaint under § 1915(e). But citing *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), the Magistrate Judge sua sponte elected to screen his Complaint for frivolousness. (Doc. 2, #20). And because federal courts have an inherent obligation to determine whether subject matter jurisdiction is present, *see* Fed. R. Civ. P. 12(h)(3), the Magistrate Judge also reviewed whether such jurisdiction existed here. (*Id*.).

Based on her review of the Complaint, the Magistrate Judge determined that the former (frivolousness) was present and the latter (jurisdiction) lacking. In particular, the R&R concluded that the *Rooker-Feldman* doctrine barred Kelly's request for this Court to review a state court protective order. (*Id*. at #21). The Magistrate Judge thus recommended dismissing Kelly's claim with prejudice. (*Id*. at #22).

The R&R included a notice informing both parties that failure to object to its conclusions within fourteen days may result in forfeiture of certain rights on appeal, including the right to review by this Court. (*Id*. at #23). *See Thomas v. Arn*, 474 U.S.

---

[1] Puzzlingly, the case he references, CJ18007085, (*see* Doc. 1, #6) is not a case about a protective order. (R&R, Doc 2, #21–22). Instead, it is "a certificate of judgment case filed by the State of Ohio, purportedly for collection of delinquent income taxes." (Id.).

140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed"); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) ("fail[ure] to file an objection to the magistrate judge's R & R ... is forfeiture"). Neither party objected to the R&R.

But the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases). Consistent with that charge, the Court has reviewed the R&R and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes).

One could perhaps quibble at the edges. The Magistrate Judge relies on the *Rooker-Feldman* doctrine, while the Court thinks the answer is simpler than that.[2]

---

[2] The Court is wary of diving into *Rooker-Feldman*'s murky waters where a simpler answer presents itself. Indeed, the Chief Judge of this Circuit has questioned whether the doctrine continues to exist. *See VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 409 (6th Cir. 2020) (Sutton, C.J., concurring). Academics and judges alike have heaped scorn on it: "[T]he prevalent use of the phrase 'so-called *Rooker-Feldman* doctrine' itself suggests that many judges and scholars view the doctrine as questionable or illegitimate." Dustin E. Buehler, *Revisiting* Rooker-Feldman*: Extending the Doctrine to State Court Interlocutory Orders,* 36 FLA. ST. U. L. REV. 373, 374 n.1 (2009) (citing *Lance v. Dennis*, 546 U.S. 459, 468 (2006) (Stevens, J., dissenting); *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 18 (1987) (Scalia, J., concurring); *R.G. Fin. Corp. v. Vergara-Nuñez*, 446 F.3d 178, 188 n.3 (1st Cir. 2006); *Schiavo ex rel. Schindler v. Schiavo*, 404 F.3d 1270, 1281 n.7 (11th Cir. 2005) (Tjoflat, J., dissenting from the denial of rehearing en banc); John A. Ferejohn & Larry D. Kramer, *Independent Judges, Dependent Judiciary: Institutionalizing Judicial Restraint*, 77 N.Y.U. L. REV. 962, 1022 (2002)). And at least one author has published its obituary. *See* Samuel Bray, Rooker-Feldman*: 1923–2006,* 9 GREEN BAG 2D 317 (2006). That said, this Court has relied on *Rooker-Feldman* recently. *See Asai v. Obstetrics & Gynecology Assocs., Inc.*, No. 1:21-CV-111, 2022 WL 3018148, at *2–5 (S.D. Ohio July 29, 2022). And, while the doctrine's margins are

But the outcome is the same. This Court does not have subject-matter jurisdiction over Kelly's claim.

Start with the basics. "It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Berry v. Gen. Motors Corp.*, 848 F.2d 188 (6th Cir. 1988) (unpublished table decision) ("the plaintiff in a civil action has an affirmative duty to state the grounds on which the jurisdiction of the court is based").

Here, Kelly does not assert any basis for subject-matter jurisdiction, despite being prompted to do so by the pro se complaint form provided to him. The form offered him several checkboxes providing different options for subject-matter jurisdiction:

- Title 28 U.S.C. § 1343(3) [A civil rights lawsuit alleging that Defendant(s) acting under color of State law, deprived you of a right secured by federal law or the Constitution.]
- Title 28 U.S.C. § 1331 [A lawsuit "arising under the Constitution, laws, or treaties of the United States."]
- Title 28 U.S.C. § 1332(a)(1) [A lawsuit between citizens of different states where the matter in controversy exceeds $75,000.]
- Title ____ United States Code, Section ____ [Other federal statutes giving the court subject matter jurisdiction.]

(Doc. 3, #25). He checked none of them.

The Court cannot identify a basis either. Diversity jurisdiction is lacking, as both parties are from Ohio. (*See* Compl., Doc. 3, #24, and Misc. Papers, Doc. 3-1, #28).

---

contested, *Rooker-Feldman*'s core principle—that lower federal courts do not sit as courts of review for state court decisions—still seems valid. Thus, the R&R's invocation of *Rooker-Feldman* may well be perfectly reasonable. But the Court prefers to avoid reliance on that doctrine unless necessary.

Nor does Kelly's Complaint seem to raise any federal question. Instead, he wants this Court to review what he characterizes as "an illegi[ti]mate protective order" that Phifer secured in the Hamilton County Court of Pleas. (Doc. 3, #26). But what federal cause of action does he rely on to get the federal review he seeks? That remains unclear, as Kelly identified no federal cause of action in his Complaint.

In short, Kelly failed to assert subject-matter jurisdiction in his Complaint. And the Court can find no plausible basis for subject-matter jurisdiction on the face of his Complaint. Accordingly, the Court agrees with the R&R's recommendation to dismiss Kelly's Complaint, but with one minor revision. The R&R recommends dismissal with prejudice. Where a court lacks subject-matter jurisdiction, though, dismissal without prejudice is appropriate. *See Thompson v. Love's Travel Stops & Country Stores, Inc.*, 748 F. App'x 6, 11 (6th Cir. 2018) (citing *Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004) and *Revere v. Wilmington Fin.*, 406 F. App'x 936, 937 (6th Cir. 2011)) (noting that the Sixth Circuit "has stated on several occasions that dismissal for lack of subject matter jurisdiction should normally be without prejudice").

Thus, the Court largely **ADOPTS** the R&R (Doc. 2), but **DISMISSES** Kelly's Complaint (Doc. 3) **WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.[3] And the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of

---

[3] To be clear, while the dismissal is without prejudice, it is preclusive of Kelly's ability to refile in federal court. *See Saqr v. Filak*, No. 1:20-CV-32, 2021 WL 6051964, at *5 (S.D. Ohio Dec. 21, 2021) (noting that "even a dismissal for lack of subject-matter jurisdiction has preclusive effect as to the question of jurisdiction itself").

this Order would not be made in good faith, thereby **DENYING** Kelly leave to appeal in forma pauperis.

The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this matter on the Court's docket.

**SO ORDERED.**

November 17, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**